Good morning, Your Honors. May I please report, my name is Olu Orange. I represent the appellant in today's matter, James Wilkinson. I would like to reserve at least five minutes for rebuttal. Watch the clock, I'll try to help you. I'm sorry? Watch the clock, but I'll try to help you. Will do. I would like to start by answering the question of whether or not a prosecutor's independent decision to file charges supersedes liability on the part of the defendants in this case. And I think that the answer has three parts. It has to be segmented by the three claims that have been raised, right? And the answer is going to be different for each of the three claims. I'll start with the First Amendment claim. The First Amendment claim, the answer to that question is no. The prosecutor's presumption of independent judgment does not factor into whether or not there's liability on the part of the defendants. And the case that makes that clear is one of the cases that the court cited in sending us the question. And that's Beck v. Upland, and that comes at page 865 of that opinion. What the panel in Beck does is apply the Supreme Court's decision in Hartman. And in the Hartman decision, as the panel said, the inquiry into the prosecutor's state of mind is improper. What has to occur- Well, but we have something more here. Let me just give you the sequence, and I know there's three claims, but it seems to apply to all of them. The defendants here- and let's assume for a moment that the right to be free from the second prosecution is clearly established. That's another hurdle you have to get past, but let's just assume it for the moment. They go to the prosecutor before they do anything and say, gee, we think the guy lied on the stand. We'd like to develop a case against him for that. And the prosecutor looks at their proposed affidavit and search warrant and says, I think you should do that. I think it's okay. They go to a magistrate who says- and who's informed, by the way, that your client was acquitted based on his testimony at the previous trial. And the magistrate, mistakenly in my view, says, I think that's okay also. And then the prosecutor gets whatever evidence they get from the search, the driver's license, and says, I think I'll prosecute. What I'm having difficulty doing is figuring out what a reasonable police officer would have done under those circumstances other than go to the prosecutor and then go to the magistrate and then leave it up to the prosecutor to decide whether to prosecute. A reasonable police officer would have understood that when the first person who wore a black robe said that this person, the suspect, was not the person who was the driver and made a finding of acquittal based on non-identity, a reasonable police officer would have understood that the case is over. The case that makes that clear is the U.S. Supreme Court's decision in Sanabria that basically says that no matter how flawed a judge's opinion may be when it comes to an acquittal, regardless of what the reasoning was that led to that acquittal, as far as the government's concerned, once the suspect is acquitted, it's over. Well, that's not exactly true. You have a collateral estoppel claim. You don't have a double jeopardy claim here, a traditional double jeopardy claim. It works in your case. You have to establish that the first judge necessarily accepted your client's testimony. Yes, and the Ninth Circuit did that in Wilkinson v. Gingrich. Yeah, although that case was not in existence at the time that the actions took place. Right, and that matters for purposes of qualified immunity, but for purposes of whether or not there was actually a crime committed by Mr. Wilkinson, the decision was made by the traffic court judge, and that's a court of competent jurisdiction, and the Ninth Circuit made clear that that decision stood. Mr. Wilkinson did not commit a crime, and a reasonable police officer would have understood that when the traffic court judge said it. Well, but see, he wasn't being prosecuted for the crime. The police officer said, we think this guy lied on the stand in his first trial, and we'd like to pursue him for perjury. I think when you read all the Ninth Circuit and Supreme Court case law, a lawyer would conclude that you can't do that. But they just didn't go off on their own. They made that conclusion. They arrived at that conclusion or supposition, and they went to a prosecutor and said, can we do this? And the prosecutor said, yes, you can't sue the prosecutor. Too bad. A magistrate judge then said, go conduct a search. You can't sue the magistrate. So the question is, how unreasonable were these guys, untutored in the law, when before they acted, they went to consult with the district attorney? Why isn't that reasonable? Because anyone who goes to traffic court, police officer, lawyer, maybe judges get tickets too, I don't know. I've never been a judge. They do. They do. Okay. But anybody who goes to traffic court and hears the judge say that this is not the guy who was driving knows that that's it. They know that's it for prosecuting him for being the guy who was driving. Do they know that's it if they discover that he lied? No. Once the judge says that's it, he couldn't have lied. If the reason for the judge saying that's it is the same issue that they think he lied about, that's it. I happen to agree with you as a matter of interpreting our case law. My question is, would a reasonable police officer under that circumstance just have to say, I stop? Or would the officer say, gee, I think he lied. Let me go see the prosecutor and determine whether or not there's any avenue to do this. A reasonable officer says, that's it. I think the closest case to it. So how would your client, put it differently, how would your client damage by anything the police officers did, given the fact that the prosecutor blessed it? Well, first of all, the prosecutor, well, in many ways. But first of all, there are certain things that the prosecutor blesses and can play a part in legally, and there are certain things that the prosecutor does not. I understand that the prosecutor signed the probable cause statement for the warrant. Well, indeed, I think the record's pretty clear that the prosecutor had said at any point to them, hey, guys, have you read Ash v. Swenson? Have you read the Ninth Circuit case law? We've got to stop here. They would have stopped. But the point is that even though the prosecutor signed it, the decision is up to the magistrate. And the law on that is that if the police officers never should have proceeded past a certain point to get to the prosecutor or the magistrate, then their action is unreasonable, and the action they took, if it resulted in damage to my client, the police officers are responsible. Tell me what case says that. That if you went to the prosecutor, told him exactly the facts, and they did here, went to the magistrate, told him exactly the facts, what case says that the police officers are liable for pursuing the action? I think that Devereaux is interpreted to say exactly that. If you have reason to believe that a suspect is innocent and you continue to investigate even in the face of that. But they didn't continue to do anything until the prosecutor gave them the okay. That's not true. What did they do before they saw the prosecutor? Before they saw the prosecutor, they pulled driver's licenses from other jurisdictions. They made phone calls to determine where Mr. Wilkinson is. But your client wasn't damaged by any of that activity. What he was damaged by was the eventual search in the prosecution. Well, he was damaged by the violation of his rights, and he has a right not to be subjected to ongoing investigation when government agents know or should know that he's innocent. So let's assume that the investigation stopped. When they went to the prosecutor, they did all this prior investigation. The prosecutor said, hey, guys, I sympathize with you, but we can't go forward. Would your client have a claim for damages? Yes, he could. What would his damages be? They would probably be nominal damages. But in this circuit, whenever there's a violation of rights, there has to be damages awarded. Is your client actually innocent for purposes of Devereaux? I know he's not prosecutable, but Devereaux seems to me to deal with people who are truly innocent. Yes, he's actually innocent. Why is he actually innocent? Because this court said so. No, this court didn't say so. This court said he couldn't be prosecuted. No, this court said that as to the issue of whether or not he was the person driving the car, the traffic court judge necessarily decided that he was not. Right. As to the question of whether he lied about whether he was the person driving the car, see, this is a little different than actual innocence. Your client's not prosecutable for lying on the stand if he did, but we don't know whether he lied on the stand or not, do we? Yes, we do. Actually, the traffic court judge, in determining that he was not the driver, necessarily determined that he was testifying truthfully when he said he wasn't the driver. And that occurs in every perjury case. And later on down the road, somebody comes in with a piece of evidence that you were lying. All I'm saying is your client truly can't be prosecuted for the crime of perjury. I agree with that. Whether he's actually innocent of the crime of perjury, this record doesn't tell me, does it? Well, I think it does, because this circuit determined that the traffic court judge made the finding of non-identity based on his testimony and necessarily decided he was telling the truth. That's from this circuit's own decision. I'm not reinterpreting it or paraphrasing it. That's what the court said. Okay, but let's get back to the issue we asked. I'm still having trouble, and let me concede for a second for purposes of this question, that you may be entitled to nominal damages for whatever investigation took place before they went to the prosecutor. Wasn't everything they did thereafter caused by the prosecutor's decision that, yes, what you've compiled is good enough and we ought to go forward? Let me get to that. That gets to the difference in the answer to the question between the First Amendment and the Fourth Amendment. As far as the First Amendment goes, the Ninth Circuit in Beck v. Upland says there is no inquiry into the prosecutor's state of mind and there is not a... I don't care about the prosecutor's state of mind. I'm thinking about whether the officers were reasonable. There is not a question about whether or not their liability should be cut off. But on the Fourth Amendment question, the case law suggests that from the point, and this is Smitty I and Smitty II, from the point that the prosecutor made the decision to file, liability is cut off or can be cut off from that point forward. On the Fourth Amendment? On the Fourth Amendment. But on the First Amendment, no. All I have to show on the First Amendment is no probable cause and retaliatory decision. When you say the First Amendment, does that mean you're Devereux type? No, the Devereux claim is actually the 14th Amendment. It's the 14th Amendment claim. So what happens with that one? With the 14th Amendment claim? With the 14th Amendment claim, based on Caldwell, it is an open question as to whether or not prosecutorial, independent prosecutorial judgment cuts off liability going forward from the point of charge. The panel in Caldwell did not, and stated that it had this conflict between how to resolve First Amendment claims versus 14th Amendment claims, but that it was not going to do it because there was evidence to suggest that there was absolutely no probable cause and there was intent so they didn't need to do it. So let me take you back to your First Amendment claim. Certainly. And I know you, I'll try to be quick. Let's assume that the officers just said, I know we can't prosecute the guy, but for our own purposes, I'd like to know whether he was lying. So they continued to figure out, got driver's licenses, et cetera. You're saying that would give rise to First Amendment damages? Yes, if the reason they want to continue to investigate him is because of what he said during the court hearing. It's based on his speech. And I will now sit down. You can get back up later. Thank you. May it please the Court, Deputy Attorney General Donna Dean, on behalf of Appellees Officer Mark LeGrand and Investigator Teresa Pines. Before I talk about the causation issue, I just want to say that there are three independent reasons that the judgment in this case can be affirmed. First, plaintiff can't meet the elements of his First, Fourth, and 14th Amendment claims. Second, as the trial court found, the officers are entitled to qualified immunity because the law is not clearly established on those claims, setting aside a double jeopardy question. And third, the claims are barred by the statute of limitations. Can I ask you about the second of the three first? We can take them in whatever order we want. I would have thought it was pretty clear from Ash and from our case law that if somebody testified and the first judgment was necessarily based on the court's acceptance of his testimony, that he could not later be prosecuted for perjury. Do you think that's not clear? I think it's clear that under the Ninth Circuit law, it's clearly established that... And I'm not here to relitigate the issue. Okay, so why... And Ash is a broader principle. The Ninth Circuit then applies it to a specific set of facts. We're operating here in this ridiculous land that the Supreme Court puts us into in doing qualified immunity, which is that we all pretend that police officers understand Supreme Court and Ninth Circuit decisions, but that's what the Supreme Court has told us to do. Why wouldn't it be clear at the point in time when your clients set out to institute the second prosecution of Mr Wilkinson that he couldn't be prosecuted for perjury? So there's two reasons for that. One is just the simple fact that officers are not held to the same standard as judges and legal schools. Well, but I guess my problem with that is that they are. Counsel, there's a case you cited from the Second Circuit that suggests they are not, correct? Scott v. Fisher? Yes, and there's also, in addition to that, this is an issue that it took a magistrate... A judge who signed off on the search warrant affidavit didn't see an issue with double jeopardy. And that's down the road on causation, but let's assume that there's a Supreme Court case exactly on point. The fact that a magistrate judge later signs off on a warrant doesn't mean that the law isn't clearly established, right? There's qualified immunity unless a reasonable officer would... So let's assume there's a Supreme Court case that involves this very set of facts, and your clients nonetheless say, I want to investigate Mr. Wilkinson, and they persuade a prosecutor or a magistrate judge to institute the actions that occur along the way. Are you saying they're entitled to qualified immunity because the law is not clearly established under those circumstances? There's a couple questions in there, so I want to make sure... No, there's only one question. See, you say they get qualified immunity because the magistrate judge didn't recognize the problem. I'm saying that doesn't matter for qualified immunity, does it? The question is whether the law is clearly established, not whether judges who are mere mortals later don't recognize what the law is. Right, and so under the first... You have to separate them out by the causes of action and the claims here, and under the First Amendment retaliation claim, if you just... I would disagree with counsel's argument that if you just investigated, knowing that you couldn't go forward, just, you know, looked at records, that kind of thing, there is no First Amendment retaliation claim for that. That's Hartman v. Moore. Going to the next step that you mentioned, which is obtaining a search warrant, again, that goes to the Malley and Messerschmidt cases. If you're... No, and that's the causation stuff we've asked you about. I mean, you said something before, and Judge Owens and I were both asking about it, and I wanted to focus on it. Police officers may be held to a lesser standard or a higher standard. We can put that off. But if there's a case on point, you agree that they're not entitled to qualified immunity because the law is not clearly established. If there's a case that squarely governs the facts and circumstances of this case, yes. So now let's move to what the Ninth Circuit had said previously, which is that this applies in cases where the defendant testifies at Trial 1. The verdict in Trial 1 was necessarily based on the court's acceptance of his testimony. This means that you can't move on to Trial 2 for perjury. Why wasn't that clearly established? Because the double jeopardy claim being... For the law to be clearly established for a double jeopardy claim for a habeas petition purpose, that's the law that applies to judges who are looking at the legal questions not the law that applies under qualified immunity. If we had a Ninth Circuit case on point, would that be clearly established for purposes of 1983? A Ninth Circuit case on point, holding an officer personally liable under the First Amendment, the Fourth Amendment... No, we have a case on point that says you cannot be prosecuted. It doesn't have to be... It's a defendant who's being prosecuted for perjury for his testimony at Trial 1. And we say, no, you can't do that. That violates the double jeopardy clause. Would that be sufficient to clearly establish the law, in your view? Not for personal liability under the claims that we have here. It might clearly establish... It has to be a 1983 case in order to clearly establish it? Yes, it has to be a case that squarely governs the Fourth Amendment. Those elements of those three claims that we have in this case... The prosecutors and the judges are subject to that double jeopardy question, but the officers are not held to that same standard, and, again, this boils down to an issue where they, as you've already pointed out, they went to a prosecutor, they went to a judge for the affidavit... No, and that all, to me, deals with causation, but I'm having trouble with... I know there's a distinction between clearly established... But you're saying that unless the previous case said, don't go get a search warrant, if the previous case only said, the guy can't be prosecuted for this, you're saying that doesn't clearly establish it for 1983 purposes. I would agree with that, and in this case, the officers... That's your position? Yes, because the search... I would agree with that position, yes, and the search warrant in this case, the officers did state that he was acquitted based on his testimony that they believed to be false, and Messerschmidt says it's a rare case where an officer is going to be held liable when later down the road it turns out that he didn't have probable cause, but a judge didn't... No, and that's... See, you and I are missing each other here, and I apologize, it must be my fault. There can be all kinds of immunity that come from reasonable reliance on the magistrate's decision, but you're making an earlier argument, which is that the law is not, even today, clearly established for 1983 purposes that somebody may not... Officers may not investigate somebody for perjury if they believe he lied at a previous trial and know that the judge relied on... found that testimony to be true. Well, I think the Wilkinson case, this case, decided that, but it decided... No, it decided it for purposes of habeas, so you're saying the law is today clearly established, but it wasn't before? I would... It is clearly established that that's a double jeopardy violation, again... Okay, but it's a double jeopardy... So tomorrow, could officers in San Diego go out and do exactly what the officers did in this case and be immune from 1983 liability? It's my view that unless and until there is a Fourth Amendment case, a First Amendment case, or a Fourteenth Amendment case holding officers liable under circumstances like this, then there is qualified immunity. Until that case is there... It seems, counsel, you don't need to reach for the stars on this one, necessarily. I mean, it seems to me that the question in this case, as I see it, was, was it... Would an officer be plainly incompetent to conclude that the time that they were going to initiate their second investigation, that in the first trial, was it necessarily decided that Wilkinson told the truth? It seems to me that's the inquiry here, because I think we all acknowledge what the law is under Ash v. Swenson, and we acknowledge the Ninth Circuit's law on it, but as the Ninth Circuit has acknowledged many times, there is wiggle room in these cases. It depends on... There's not a categorical bar on perjury prosecutions. The issue has to be necessarily decided, and it seems to me for you to win this case, you would want to be arguing, and maybe I'm missing something here, and I definitely want to hear from opposing counsel on this point, that when the officers made that decision, was it plainly clear that that had been necessarily decided? That Wilkinson had in fact testified truthfully on that point. If it was necessarily decided, and it was plainly clear to the officers, then I think you'll lose on qualified immunity. But if your argument is that it wasn't plainly clear, or a competent officer could think there was legal wiggle room there, especially understanding the officers are not always judged the same as judges, then I think you win on qualified immunity. So I don't know if you need to go as far as saying that habeas cases have no application in 1983 when both are applying, looking at the Fourth Amendment. So am I right that we don't need to get off shooting for the stars and that a simple fly ball would work? I would agree with that, and it's because of the fact that a reasonable officer in this case, or a competent officer in this case, based on the California law that existed, and I know Ninth Circuit is what establishes clearly established law, but based on what that officer knew... Well, what did the officers know? The officers knew there was a traffic court trial in which he was the only witness for the defense, right? Yes. And evidence was put on that the car was speeding. And he said, it may have been, but I wasn't the driver. So didn't the judge necessarily find that he wasn't the driver of the car? And again, for purposes of judges ruling on... No, no, don't tell me for purposes of judges. Judge Owens asked, what would somebody have known from the first trial? Wouldn't everybody have known from the traffic trial that the judge accepted his testimony? Not necessarily, because the argument that was made that prevailed at the trial on perjury and at the California Court of Appeal was based on the fact that there was some question about the grounds of the acquittal in that because the officer represented that he had some doubt that the government didn't meet its burden, and that's why the acquittal happened. So what fact do you think was found at the first trial that led to the acquittal if it was not that the defendant was testifying truthfully? What was argued all the way up to the California Court of Appeal and what the California Court of Appeal held was that there was... No, but, you know, look, the courts may have gotten this right or wrong. The Ninth Circuit has held the California Court of Appeal was unreasonable. So just tell me what fact there was that could have led to his acquittal other than his testimony. When the officer looked at the Nevada license that was handed to him, he expressed some doubt about whether the person in court was the person that he had ticketed for speeding that day. And then the person in court caught up and said, I'm not the person you ticketed for speeding. So you're saying that the judge didn't necessarily find his testimony to be true? I know that that's what the Ninth Circuit ultimately found, but to go backwards in time and hold these officers to know that that was going to be the outcome, you have to look at it at the time, circumstances, and the law known to those officers. And even though it turns out later there may have been some mistake about this double jeopardy issue that doesn't make them personally liable, that's the measure Schmidt and the Malley cases. So it would be manifestly unjust to hold these officers personally liable for something that three California Court of Appeal justices, two California Superior Court judges, and a prosecutor didn't even know was the law. So to hold these officers to that standard is really an end run around trying to hold those... He's looking for the damages for the double jeopardy caused by the prosecutor, caused by the judges. But isn't our question whether something's clearly established purely a matter of law? We don't analyze. We don't go out and poll state court judges or federal judges or others and see if they understand it. Given the way the Supreme Court has done this, we have to just look and make a determination about whether the law was sufficiently clearly established, don't we? And there's no case like this one where an officer was held liable for the Fourth Amendment, Fourteenth, or First Amendment, absent something like fabrication of evidence, false information provided to the prosecutor, and that's where your causation cases, McSherry and Beck, come in. There's no cases holding an officer personally liable in a situation such as this, under these claims that are made here, absent some kind of fabrication of evidence claim. And Counselor for Wilkins, Mr. Wilkins, said he's hinging his argument today on the Devereux case, and there's no evidence to support a Devereux claim here. There's no evidence to support that the affidavit for the search warrant, that it was submitted with any kind of false information. There's no evidence that Mr. Wilkinson was factually innocent of perjury, and that was the crime that they were investigating and pursuing, not they weren't going after him again for that speeding violation. Indeed, he was convicted of perjury. He was convicted, and he's never been found factually innocent. So without those... Without that... I asked the question of your friend. Do you think Devereux only applies when somebody is factually innocent as opposed to legally not prosecutable? Yes, I do. And the cases that I cited in my brief that hold somebody, an officer liable, under Devereux under that prong for investigating someone who's innocent, those cases are holding that it happens when somebody is declared factually innocent, not when somebody is just not prosecutable for a, I would say, technical reason as opposed to actual innocence. So based on that, I would ask that the judgment be affirmed. Thank you. Whenever you're ready. I'm sorry? Whenever you're ready. Okay. When I sat down, I had a little more time than this, but that's... Okay. No? Okay. We'll give you two minutes. Thank you. To answer Judge Owen's question, was it plainly clear that... or should it have been plainly clear to any competent officer that Wilkinson testified truthfully? I would answer it this way. Number one, even on qualified immunity questions that relate strictly to issues of law, facts have to be considered in the light most favorable to the plaintiff. Now, if you take any person who goes to traffic court and they're the defendant, and they testify, I was not the guy who was driving, and the judge then acquits that person based on the fact that they were not the guy who was driving, what thought is that person going to have? Not necessarily a police officer, not a judge, not a DA, any person. That person is going to think, Yay, I won. Nobody's coming after me now for this traffic ticket for being the guy. The judge necessarily believed that I was telling the truth. Whether it's a police officer, a judge, an attorney, doesn't matter. Any reasonable, competent person is going to think that they're no longer at risk for this traffic ticket. And that's the same thing that this officer should have thought had he been competent, that the acquittal was necessarily based on Mr. Wilkinson telling the truth. Lastly, when the officers came to the DA and the magistrate, what they said was that Wilkinson was driving at the time he received a citation from Officer McGrath. They also said that as a result of Wilkinson's false testimony, the citation was dismissed. They said that Wilkinson's ex-wife was present at the time that Officer McGrath issued the citation to Wilkinson and assisted Wilkinson in perpetrating this fraud. They did not just come to the magistrate and to the DA and say the traffic court found that he was not the driver based on his testimony. They came with a lot more facts that they alleged that were plainly not true based on what the traffic court judge found. Time's up. I would ask that the court reverse the judgment. Thank you. Thank you. This case will be submitted. We thank both counsel for their arguments and we will be in recess. I want to wish Toffee and Riley happy birthday. I guess if we're making announcements, we should announce that this is Judge Lee's first three-judge panel, although he's sat on an 11-judge panel before. Judge Owens and I welcome him to the Ninth Circuit and look forward to many years of association. Thank you.
judges: Hurwitz, Owens, Lee